EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal concerns breach of warranty and fraud. The trial court directed a verdict for the defendants when the plaintiff rested his case. The plaintiff timely appealed.
The plaintiff purchased a meat display case from Hornady Sales, and he sued that defendant along with the estate of Earl Hornady, deceased.
I
In his breach of warranty count, the plaintiff alleged that the “defendant” expressly warranted to him that the meat case “was in first class condition, new, and in the event repairs were needed within one (1) year on any part other than the compressor and within five (5) years on the compressor, plaintiff would have such repairs as needed accomplished at no cost to him.” The plaintiff further alleged a breach of that express warranty.
Since there was no evidence that either of the defendants expressly made such a warranty or that either of them was bound *1272 by such a warranty, the trial court did not err in granting a directed verdict as to the plaintiffs warranty count.
II
The plaintiff alleged in the fraudulent misrepresentation count, among other aver-ments, that, when he agreed to buy the meat case, the “defendant” represented to the plaintiff that the meat case was new, and in suitable condition to freeze or keep meats cold enough to avoid spoilage, when in fact the compressor in the meat case was damaged in transit, that the “defendant” knew that the compressor was damaged, but that the seller never informed the buyer of such fact.
The only proof as to those aver-ments came from the plaintiff. Without any objection that the evidence violated the dead man’s statute, § 12-21-163 of the Code of Alabama of 1975, the plaintiff testified that Mr. Hornady, who had died before this civil action was filed, sold the meat case to him as being new. When it was delivered to the plaintiff, it appeared to be new, and the plaintiff did not observe any damage to it. He further testified without objection that he discovered through a letter from the manufacturer of the meat case, which was addressed to the plaintiff’s attorney, that the meat case had been damaged before it was installed in his place of business. His evidence does not disclose what damage occurred to the meat case, and there was no evidence that the compressor was damaged in any manner. He merely stated that the meat case had been damaged.
In short, there was no evidence in proof of his averments that the meat case’s compressor was damaged in transit or that any defendant knew that the compressor was damaged. While there was evidence that the plaintiff experienced problems with that equipment and that he lost some meat due to its failure to cool, there was no evidence to connect that problem with any damage which was inflicted upon the meat case before it was delivered to the plaintiff. A directed verdict is properly granted when there is not a scintilla of evidence to support an essential element of the claim. Osborn v. Johns, 468 So.2d 103, 111 (Ala. 1985). Since that rule here applies, the trial court correctly granted a directed verdict for the defendants as to the fraud count.
Ill
The plaintiff attempted to introduce two letters which were clearly hearsay. The trial court sustained the defendants’ hearsay objection thereto. The plaintiff then reoffered the letters — not to prove the truth of their contents, but as proof that the plaintiff contacted the seller, the manufacturer, the lender, and everyone else involved in his attempt to resolve the problem. The learned trial court observed that the letters were not from any party in the case, that the plaintiff had already testified without contradiction that he had made such contacts, that the letters were hearsay, and that they were not needed in the case because the real concern was what the two defendants did, if anything. Those observations of the trial court raised questions as to materiality, relevancy, and remoteness. In view of those issues being before the trial court, admissibility of such evidence fell within the discretion of the trial court, and its ruling thereon will not be disturbed on appeal in the absence of a gross abuse of such discretion. Ryan v. Acuff, 435 So.2d 1244, 1250 (Ala.1983). The trial court did not abuse its discretion in failing to admit the two letters into evidence.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.